# IN THE COURT OF APPEALS OF IOWA

No. 15-1996
Filed June 7, 2017

**MATTHEW J. ELLIOTT,**
      Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
      Respondent-Appellee.
_____

Appeal from the Iowa District Court for Polk County, Dustria A. Relph, Judge.

An applicant appeals the district court's decision denying his application for postconviction relief. **AFFIRMED.**

Jacob L. Mason of JL Mason Law, PLLC, Ankeny, for appellant.

Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee State.

Considered by Vogel, P.J., and Doyle and McDonald, JJ. Blane, S.J. takes no part.

**Vogel, Presiding Judge.**

Matthew Elliott was convicted of willful injury causing serious injury and child endangerment resulting in death. On appeal, his convictions were vacated, and the matter was remanded for a new trial. *See State v. Elliott*, 806 N.W.2d 660, 675 (Iowa 2011) (concluding the admission of hearsay evidence resulted in prejudicial error to Elliott and remanding for a new trial). On retrial, Elliott was again convicted of willful injury causing serious injury and child endangerment resulting in death. This court affirmed his convictions following the retrial. *See State v. Elliott*, No. 12-1086, 2013 WL 4504926, at *10 (Iowa Ct. App. Aug. 21, 2013). On May 15, 2014, Elliott filed an application for postconviction relief (PCR) asserting, among other claims, that his trial counsel provided ineffective assistance in a number of ways. After an evidentiary hearing on May 28 and July 8, 2015, the district court denied the application in a thorough and well-reasoned decision on November 3, 2015.

On appeal, Elliott challenges the district court's ruling on three issues: (1) counsel was ineffective in failing to pursue a bond-review hearing so that he might have secured his release between the reversal of his first conviction and the verdict following his retrial, (2) counsel was ineffective for failing to move admitted evidence from the jury's view, and (3) counsel was ineffective in failing to effectively cross-examine a police officer regarding the visitor log for the crime scene and failing to investigate potential witnesses from that log.

The PCR court addressed each of these ineffective-assistance claims. With respect to the first claim raised on appeal, the district court concluded: "[A]t no point did Mr. Elliott request that trial counsel seek to set or reduce his bond.

Trial counsel cannot be expected to read the minds of their clients, and moreover, counsel had more than reasonable grounds not to request a bond review."  In addition, "Mr. Elliott has not produced sufficient evidence to indicate that a bond review hearing would have led to his release prior to the second trial. Even if Elliott had been released, there is no evidence that the outcome of the trial would have been different."

As to issue number two regarding counsel's failure to have certain admitted evidence moved from the jury's view during trial, the PCR court stated:

> Mr. Elliott has not demonstrated a reasonable probability that the jury seeing the three-tiered shelf and [the infant victim's] clothing affected the outcome of the trial.  As correctly noted by trial counsel, the jury was allowed to view the evidence when it was received and during deliberation, if it wished. . . .  The evidence was not graphic and did not incite emotion—there is no evidence to indicate that there was any blood on the baby clothing. Considering the sheer volume of other evidence the jury considered throughout the course of the trial, it cannot be said that the jury's viewing of this evidence influenced the outcome of the trial.

And finally, with respect to Elliott's claim that his counsel should have cross-examined a police officer regarding the crime scene visitor log, the court found:

> In this case, given counsel's stated concerns about the log's accuracy, it was not ineffective for counsel to not offer the dispatch log as evidence or question Officer McCarty as to its accuracy.
>     But more importantly, Mr. Elliott cannot demonstrate that he was prejudiced as a result of counsel's failure to use the dispatch log in his defense. . . .  Upon discovering that Officer McCarty's dispatch log itself may be inaccurate, counsel wisely made the decision to support its primary theory of defense through alternate means.

In addition, the court noted the witnesses on the visitor log that Elliott asserted his counsel did not adequately investigate were, in fact, investigated by counsel

and discounted as witnesses because the witnesses did not support the defense's theory of the case or had no useful information to provide regarding the death of the child at issue.

We review de novo the ineffective-assistance claims made on appeal. *See State v. Harris*, 891 N.W.2d 183, 185–86 (Iowa 2017) (noting the standard of review and elements of an ineffective-assistance claim). After reviewing the record and the claims made, we affirm the decision of the district court by memorandum opinion pursuant to Iowa Court Rule 21.26(1)(d) and (e).

**AFFIRMED.**